*Gilbert,* for the defendant.

*Tallman,* for the plaintiff.

---

## KENNEDY *versus* WRIGHT.

The R. S. c. 158, § 17, imposes a penalty of not more than thirty dollars, recoverable by action of debt, for falsely and corruptly certifying as a witness, to more travel and attendance than there had really been.

Such a certificate is presumed to be true, till disproved.

When shown to be false, it is presumed to have been made corruptly.

Such presumption may be repelled by proof.

In an action of debt to recover penalties, for the making of false and corrupt certificates of that description, the amount recoverable is to be assessed by the jury.

To justify one in certifying his travel and attendance, as a witness, he must have been in actual attendance at the court house. And though not bound to be constantly within the house, he must, at his peril, be within call when needed.

ON EXCEPTIONS from the *District Court,* RICE, J.

DEBT, founded upon R. S. c. 158, § 17, to recover penalties incurred by the defendant, for falsely and corruptly certifying, upon two occasions, that he traveled a greater number of miles, and attended a greater number of days, as a witness, than he had in fact done.

There was evidence tending to prove the *falsity* of the certificate. A witness testified to a declaration made by the defendant, which was proved to be untrue. He was then inquired of whether the defendant did not, immediately after, correct the error, and say, " it was a mistake of recollection." The exceptions show that " the Court did not allow the ques-

tion to be answered, it appearing that the communication inquired about, was made at a subsequent time."

The defendant requested instruction to the jury that, " if the defendant, in obedience to the summons, came into the vicinity of the court house, where he could be within call, whenever the case should come on, his certifying attendance as a witness would not subject him to the penalty, although he might not actually have come into the court house.

The Judge refused the request, and instructed the jury " that the defendant must have come to the court house, and been in actual attendance, as a witness, to authorize him to certify as such ; though he would not be required to stay in court all the time, but if within call that would be sufficient."

The jury were further instructed, " *that* the certificates were to be presumed to be *true* until the contrary should be proved ; *that*, if proved to be *false*, the law raised a presumption that they were made *corruptly* ; — *that* this presumption might be repelled by proof ; — and *that*, if they found the defendant guilty, it was their duty to assess the penalty."

The verdict was for the plaintiff, and the defendant excepted.

*Ruggles* and *Gould*, for the defendant.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOWARD and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — The first error alleged is, that a witness was not permitted to answer, whether the defendant did not immediately correct, an error said to have been committed in a conversation with the witness.

The form of the question does not prove, that the correction was made immediately or during the same conversation. The reason stated in the bill of exceptions for the exclusion of the answer is a satisfactory one. " It appearing the communication inquired about was made at a subsequent time." It might have been made after he had ascertained, that it was expedient, that a different time should be named.

The second error alleged is, that the Judge refused to in-

struct the jury, " that if defendant in obedience to the summons came into the village of Wiscasset in the vicinity of the court house, where he could be within call, whenever the case should come on, his certifying as a witness would not subject him to the penalty, although he might not actually come into the court house"; and did instruct them, " that he must come to the court house and be in actual attendance as a witness, to authorize him to certify as such, though he would not be required to stay in Court all the time, but if within call, that would be sufficient."

The form of a subpœna for witnesses prescribed by the statute, c. 63 of the Acts of the year 1821, now in force, requires them to make their "appearance before the justices" of the Court.

The R. S. c. 115, § 71, authorizes clerks of the Courts to issue " summonses for witnesses to attend before such Courts."

No provision of law is found affording any countenance to the position, that a witness may neglect to comply with the requisition of the precept, and come into the village or city, in which the Court is holden, and claim to be in attendance before the Court. A construction which would sanction such a course, would deprive litigating parties of important legal rights, and operate unfavorably upon the administration of justice. It would require parties to be present at trials or to have agents present to look after their witnesses and procure their attendance before the Court when needed.

Females, persons residing at a distance from the place of trial, and those too aged, infirm, or ill, to attend Court, who have caused their witnesses to be summoned and paid, have a right to have them attend and be in readiness to perform their duties, without incurring the risk and expense of employing others to look after them, and see that they are present at the trial. If witnesses summoned and paid do not appear upon a call of the officer in attendance upon the Court, when they are needed," the business of the Court cannot be performed in due course; and it would be the duty of the Court

upon proper proof to issue a capias to bring them into Court, and render them liable to be dealt with for contumacy.

A witness to be entitled to his fees must obey the precept, and, if not actually present in Court during its session, he must at his own risk keep himself sufficiently informed of the state of the business to be able to be actually present, when his services are required.

It is insisted, that the defendant would not have incurred the penalty, if he had been in the village and had acted under a misapprehension of his duty in neglecting to appear before the Court.

The instructions do not decide otherwise. The jurors were to decide, whether the certificates were made corruptly as well as falsely, and this matter might properly be considered by them. The case does not show, that it was not urged upon their attention under proper instructions.

If other instructions were desired respecting such misapprehension of his duty, a request for them might have been presented.

The fact being found, that the certificates were false, the law authorized the presumption, that they had been corruptly made. This presumption might have been rebutted by proof facts to satisfy the jury, that they were not so made.

The third error alleged is, that the jury were instructed to assess the amount to be recovered for penalties. The case of *Chesley* v. *Brown*, 2 Fairf. 143, is referred to as deciding, that the amount to be recovered should have been fixed by the Court.

Although the instructions in that case were approved, the Court does not appear to have decided, that they would have been erroneous, if the jury had been instructed to assess the amount to be recovered.

The opinion appears to present three considerations as inducing the Court to approve of the instructions. These were, that but one penalty was claimed, that the smallest sum allowed by law had been assessed by the Court, so that the defendant could not have been aggrieved by its action,

and "that the authorities sanctioned either course of proceeding in such cases."

The last reason named is sufficient to authorize the course pursued in this case; and it appears to have been the more appropriate one, for two penalties being claimed the jurors could not have found simply, that he was guilty or that he did owe.                    *Exceptions overruled.*